UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendants. | Civil Action No. 1:20-cv-02761 (AT) |

## AMENDED COMPLAINT FOR INJUNCTIVE RELIEF

### INTRODUCTION

1. This lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeks the immediate release of records from the Centers for Disease Control and Prevention ("CDC") concerning the circumstances in which its employees are restricted from communicating with members of the press and the public.

2. We are in the midst of a global pandemic. The novel coronavirus—and the disease that it causes, COVID-19—has spread to all fifty states. According to the Johns Hopkins Coronavirus Resource Center, as of May 8, more than 1,259,000 people in the United States have been diagnosed with COVID-19, and more than 75,781 people have died from it. As of May 4, a model prepared by the University of Washington's Institute for Health Metrics and Evaluation, which has been frequently cited by the White House, projected that there would be a total of 134,475 deaths from COVID-19 in the United States by August 4.

3. In the face of this public health emergency, the White House has restricted the flow of information from the CDC—the nation's public health agency—to the public. According

to recent news stories, scientists and health officials at the CDC must now coordinate with the Office of Vice President Mike Pence before speaking with members of the press or public about the pandemic. These stories have raised concerns that public health experts who know most about the risks to the public are not being permitted to speak candidly and that the information the government is now conveying may be incomplete, inaccurate, or misleading.

4. The CDC itself imposes unusually stringent restrictions on the ability of CDC employees to speak to the press and public. In 2017, *Axios* published text from a CDC policy announcing that "any and all correspondence with any member of the news media, regardless of the nature of the inquiry, must be cleared through CDC's Atlanta Communications Office."

5. To learn more about these and any other policies restricting the speech of CDC employees, Plaintiff the Knight First Amendment Institute at Columbia University ("Plaintiff" or the "Knight Institute") submitted a FOIA request ("the Request") on March 19, 2020 to the CDC seeking records concerning the circumstances in which CDC employees are restricted from communicating with members of the press and the public.

6. Plaintiff has commenced this action because the CDC denied its request for expedited processing and has failed to release records in response to the Request. Plaintiff seeks the injunctive relief necessary to ensure the CDC's timely compliance with FOIA's requirements.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(E)(iii), and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9. The Knight First Amendment Institute at Columbia University is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Public education is essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning of 5 U.S.C. § 551(2).

10. Defendant CDC is a component of the U.S. Department of Health and Human Services ("HHS") and is an "agency" within the meaning of 5 U.S.C. § 552(f). The CDC has possession and control over the requested records.

11. Defendant HHS is a department of the executive branch of the U.S. government and is an "agency" within the meaning of 5 U.S.C. § 552(f). HHS and its component the CDC have possession and control over the requested records.

## FACTUAL ALLEGATIONS

### *Background*

12. As the first cases of COVID-19 were identified in the United States, statements President Donald J. Trump made about the impact of the disease on the United States were at times in conflict with statements made by public health officials. On February 24, 2020, for example, President Trump tweeted, "[t]he Coronavirus is very much under control in the USA. We are in contact with everyone and all relevant countries. CDC & World Health have been working hard and very smart. Stock Market starting to look very good to me!"

13. By contrast, on February 25, Dr. Nancy Messonnier, the director of the CDC's National Center for Immunization and Respiratory Diseases, explained during a CDC

telebriefing that the virus was not contained. "It's not so much a question of if [community spread] will happen anymore," she stated, "but rather more a question of exactly when this will happen and how many people in this country will have severe illness."

14. The *New York Times*, the *Guardian*, and other outlets reported that President Trump was displeased with Dr. Messonnier's remarks. Just two days after her telebriefing, the White House reportedly issued a new directive requiring government health officials and scientists to coordinate with the Office of Vice President Mike Pence before making any public statements and appearances.

15. CDC itself imposes stringent restrictions on the ability of its employees to speak with the press and public. In 2017, *Axios* published an email from Jeffrey Lancashire, a public affairs officer, to the National Center for Health Statistics, announcing that "any and all correspondence with any member of the news media, regardless of the nature of the inquiry, must be cleared through CDC's Atlanta Communications Office." He also explained that the new policy applied to all CDC staff.

### *The FOIA Request*

16. On March 19, 2020, the Knight Institute submitted the Request to the CDC, seeking records "governing the circumstances in which CDC employees may communicate with members of the press and the public."[1]

17. The Request sought the following documents:

   a. Any records relating to policies or procedures governing public communications by CDC employees or contractors about the coronavirus;

   b. Any records relating to policies or procedures for the coordination of communications strategy between the CDC (or its employees) and the Coronavirus Task Force led by Vice President Pence;

---

[1] A true and correct copy of the Request is attached hereto as Exhibit A.

  c. Emails sent by CDC Public Affairs Officer Jeffrey Lancashire on or around August 31, 2017, that contain instructions for employees regarding communications with members of the news media or the public;

  d. The CDC's policies on employee communications with news media and the public in effect from January 2017 to present; and

  e. Any directives or guidance related to the policies on employee communications with news media and the public in effect from January 2017 to the present.

18. The Knight Institute requested expedited processing of the Request on the ground that it is an organization "primarily engaged in disseminating information" and there is a "compelling need" for the records sought because they contain information "urgent[ly]" needed to "inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

19. The Knight Institute requested a waiver of document search, review, and duplication fees on the grounds that (a) disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester," 5 U.S.C. § 552(a)(4)(A)(iii); (b) the Knight Institute is a "representative of the news media" within the meaning of FOIA and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II); and (c) the Knight Institute is an "educational . . . institution" whose purposes include "scholarly . . . research" and the records are not sought for commercial use, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

### *Agency Responses*

20. By letter dated March 24, 2020, the CDC acknowledged receipt of the Request by email and assigned it reference number 20-00979-FOIA.[2] The CDC denied the Knight Institute's

---

[2] A true and correct copy of the CDC's acknowledgment is attached hereto as Exhibit B.

request for expedited processing because the Knight Institute "failed to show that there is an imminent threat to the life or physical safety of an individual." The CDC did, however, grant the Knight Institute's request for a fee waiver.

21. On March 26, 2020, the CDC sent another letter by email to the Knight Institute, asserting that the request was "overly broad" with respect to the first two items of the Request, which sought "records relating to policies or procedures governing public communications by CDC employees or contractors about the coronavirus" and "records relating to policies or procedures for the coordination of communications strategy between the CDC (or its employees) and the Coronavirus Task Force led by Vice President Pence."[3]

22. On March 27, 2020, the Knight Institute emailed CDC FOIA Officer Leigh Davidi, stating that it would narrow the scope of the first two Items of the Request to records created on or after January 29, 2020, and to records in the possession of a list of potential custodians.

23. On May 1, 2020, the Knight Institute spoke with counsel for Defendants, who stated that the CDC had received the narrowing proposal and had begun their search.

24. On May 4, 2020, the Knight Institute sent counsel for Defendants a proposal to further narrow the search and to prioritize certain records, beginning with the processing of two discrete records—the CDC's policy on public speech by its employees, and the Coronavirus Task Force's policy on public speech by CDC employees—for which the public interest in disclosure is especially urgent. Defendants have not responded to this proposal.

25. To date, the CDC has not released any records responsive to the Request or adequately explained its failure to do so.

---

[3] A true and correct copy of the CDC's letter is attached hereto as Exhibit C.

26. Under FOIA, the CDC has twenty working days to respond to a request. *See* 5 U.S.C. § 552(a)(6)(A)(i). If there are "unusual circumstances," an agency may extend the time limit by no more than ten working days. More than thirty working days have passed since the Knight Institute filed the Request. Thus, these statutory time periods have elapsed.

27. Plaintiff has exhausted all administrative remedies because the CDC has failed to comply with the time limit for responding to the Request under FOIA.

28. The CDC continues to wrongfully withhold the requested records from Plaintiff.

## CAUSES OF ACTION

29. Defendants' failure to grant Plaintiff's request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations, 45 C.F.R. § 5 *et seq*.

30. Defendants' failure to process Plaintiff's request as soon as practicable violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations, 45 C.F.R. § 5 *et seq*.

31. Defendants' failure to make and communicate a determination whether to comply with the Request within the statutory time limit violates 5 U.S.C. § 552(a)(6)(A)(i), and Defendants' corresponding regulations, 45 C.F.R. § 5 *et seq*.

32. Defendants' failure to make records responsive to the Request promptly available violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), and Defendants' corresponding regulations, 45 C.F.R. § 5 *et seq.*

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Order Defendants to conduct a thorough search for records responsive to Plaintiff's request;

B. Order Defendants to immediately process and release any responsive records;

C. Award Plaintiff its reasonable costs and attorneys' fees incurred in this action; and

D. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Anna Diakun
Anna Diakun
Stephanie Krent
Alex Abdo
Knight First Amendment Institute
 at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
anna.diakun@knightcolumbia.org

*Counsel for Plaintiff*

May 8, 2020