GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:  ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York  10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY,

                            Plaintiff,

  -against-

CENTERS FOR DISEASE CONTROL AND
PREVENTION AND U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

                          Defendants.

------------------------------------------------------------- x

20 Civ. 2761 (AT)

**ANSWER**

      Defendants Centers for Disease Control and Prevention ("CDC") and U.S. Department of Health and Human Services ("HHS" and collectively with the CDC, "Defendants"), by their attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answer the amended complaint of plaintiff Knight First Amendment Institute at Columbia University ("Plaintiff"), dated May 8, 2020, as follows:

      1.      The allegations contained in paragraph 1 of the amended complaint consist of Plaintiff's characterization of this action, to which no response is required.  To the extent that a response is required, Defendants admit that this action purports to be brought under the Freedom

of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), and otherwise deny the allegations contained in paragraph 1 of the amended complaint.

2.      Defendants admit the allegations contained in the first two sentences of paragraph 2 of the amended complaint.  The allegations contained in the third and fourth sentences of paragraph 2 of the amended complaint consist of Plaintiff's characterization of certain data sources, to which no response is required.  Defendants respectfully refer the Court to the referenced data sources for complete and accurate descriptions of their contents.

3.      Defendants deny the allegations contained in the first sentence of paragraph 3 of the amended complaint.  The allegations contained in the second sentence of paragraph 3 of the amended complaint consist of Plaintiff's characterization of unspecified media reports, to which no response is required.  Defendants respectfully refer the Court to the referenced media reports for complete and accurate descriptions of their contents.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 3 of the amended complaint.

4.      Defendants deny the allegations contained in the first sentence of paragraph 4 of the amended complaint.  The allegations contained in the second sentence of paragraph 4 of the amended complaint consist of Plaintiff's characterization of a media report, to which no response is required.  Defendants respectfully refer the Court to the referenced media report for a complete and accurate description of its contents.

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the amended complaint, except admit that Plaintiff submitted a FOIA request to the CDC on March 19, 2020 (the "FOIA Request").

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6 of the amended complaint. The allegations contained in the second sentence of paragraph 6 of the amended complaint consist of Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the second sentence of paragraph 6 of the amended complaint.

7. The allegations contained in paragraph 7 of the amended complaint consist of Plaintiff's legal opinions and conclusions regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the amended complaint.

8. The allegations contained in paragraph 8 of the amended complaint consist of Plaintiff's legal opinions and conclusions regarding venue, to which no response is required. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the amended complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the amended complaint.

10. Defendants admit the allegations contained in the first sentence of paragraph 10 of the amended complaint. Defendants deny the allegations contained in the second sentence of paragraph 10 of the amended complaint.

11. Defendants admit the allegations contained in the first sentence of paragraph 11 of the amended complaint. Defendants deny the allegations contained in the second sentence of paragraph 11 of the amended complaint.

12. The allegations contained in the first sentence of paragraph 12 of the amended complaint consist of Plaintiff's characterization of unspecified statements made by President Donald J. Trump and unspecified "statements made by public health officials," to which no response is required. Defendants respectfully refer the Court to these unspecified statements for complete and accurate descriptions of their contents. The allegations contained in the second sentence of paragraph 12 of the amended complaint consist of Plaintiff's characterization of a tweet from President Trump, to which no response is required. Defendants respectfully refer the Court to the tweet in question for a complete and accurate description of its contents.

13. The allegations contained in paragraph 13 of the amended complaint consist of Plaintiff's quotation of a portion of remarks made by Dr. Nancy Messonnier on February 25, 2020, to which no response is required. Defendants respectfully refer the Court to the full remarks by Dr. Messonnier for a complete and accurate description of their contents.

14. The allegations contained in paragraph 14 of the amended complaint consist of Plaintiff's characterization of unspecified media reports, to which no response is required. Defendants respectfully refer the Court to the referenced media reports for complete and accurate descriptions of their contents.

15. Defendants deny the allegations contained in the first sentence of paragraph 15 of the amended complaint. The allegations contained in the second sentence of paragraph 15 of the amended complaint consist of Plaintiff's characterization of a media report, to which no response

is required.  Defendants respectfully refer the Court to the referenced media report for a complete and accurate description of its contents.

16. The allegations contained in paragraph 16 of the amended complaint consist of Plaintiff's characterization of the contents of the FOIA Request.  Defendants admit that Exhibit A to the amended complaint is a copy of the FOIA Request, and respectfully refer the Court to the FOIA Request for a complete and accurate description of its contents.

17. The allegations contained in paragraph 17 of the amended complaint consist of Plaintiff's characterization of the contents of the FOIA Request.  Defendants admit that Exhibit A to the amended complaint is a copy of the FOIA Request, and respectfully refer the Court to the FOIA Request for a complete and accurate description of its contents.

18. The allegations contained in paragraph 18 of the amended complaint consist of Plaintiff's characterization of the contents of the FOIA Request.  Defendants admit that Exhibit A to the amended complaint is a copy of the FOIA Request, and respectfully refer the Court to the FOIA Request for a complete and accurate description of its contents.

19. The allegations contained in paragraph 19 of the amended complaint consist of Plaintiff's characterization of the contents of the FOIA Request.  Defendants admit that Exhibit A to the amended complaint is a copy of the FOIA Request, and respectfully refer the Court to the FOIA Request for a complete and accurate description of its contents.

20. The allegations contained in paragraph 20 of the amended complaint consist of Plaintiff's characterization of the contents of a March 24, 2020 letter sent by the CDC to Plaintiff.  Defendants admit that Exhibit B to the amended complaint is a copy of this letter, and respectfully refer the Court to the letter for a complete and accurate description of its contents.

21. The allegations contained in paragraph 21 of the amended complaint consist of Plaintiff's characterization of the contents of a March 26, 2020 letter sent by the CDC to Plaintiff. Defendants admit that Exhibit C to the amended complaint is a copy of this letter, and respectfully refer the Court to the letter for a complete and accurate description of its contents.

22. The allegations contained in paragraph 22 of the amended complaint consist of Plaintiff's characterization of the contents of a March 27, 2020 e-mail sent by Plaintiff's counsel to a CDC FOIA employee. Defendants admit that Plaintiff sent an e-mail to a CDC FOIA employee on March 27, 2020, and respectfully refer the Court to the e-mail for a complete and accurate description of its contents.

23. Defendants deny the allegations contained in paragraph 23 of the amended complaint, except aver that on May 1, 2020, counsel for Defendants spoke with counsel for Plaintiff and informed counsel for Plaintiff that the CDC had received the March 27, 2020 e-mail proposal and had started to work on the FOIA Request based on the parameters set forth in that e-mail.

24. The allegations contained in the first sentence of paragraph 24 of the amended complaint consist of Plaintiff's characterization of the contents of a May 4, 2020 e-mail from counsel for Plaintiff to counsel for Defendants. Defendants admit that counsel for Plaintiff sent an e-mail to counsel for Defendants on May 4, 2020, and respectfully refer the Court to the e-mail for a complete and accurate description of its contents. Defendants deny the allegations contained in the second sentence of paragraph 24 of the amended complaint, and aver that the counsel for Defendants responded to the May 4, 2020 e-mail by e-mail dated May 11, 2020, which included a proposed schedule for production of non-exempt records responsive to the FOIA Request.

25. Defendants deny the allegations contained in paragraph 25 of the amended complaint, except admit that as of the date of this Answer, Defendants have not yet produced responsive, non-exempt records to Plaintiff in response to the FOIA Request.

26. The allegations contained in paragraph 26 of the amended complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 26 of the amended complaint, except admit that more than 30 working days have passed since Plaintiff submitted the FOIA Request.

27. The allegations contained in paragraph 27 of the amended complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 27 of the amended complaint.

28. The allegations contained in paragraph 28 of the amended complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 28 of the amended complaint.

29. The allegations contained in paragraph 29 of the amended complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 29 of the amended complaint.

30. The allegations contained in paragraph 30 of the amended complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent that a

response is required, Defendants deny the allegations contained in paragraph 30 of the amended complaint.

31. The allegations contained in paragraph 31 of the amended complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 31 of the amended complaint.

32. The allegations contained in paragraph 32 of the amended complaint consist of Plaintiff's legal opinions and conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 32 of the amended complaint.

33. The remainder of the amended complaint consists of Plaintiff's requested relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this amended complaint for any relief that exceeds the relief authorized by statute under the FOIA, 5 U.S.C. § 552.

### SECOND DEFENSE

The requested records are exempt, in full or in part, from disclosure. *See* 5 U.S.C. § 552(b).

### THIRD DEFENSE

Plaintiff is not entitled to expedited processing. *See* 5 U.S.C. § 552(a)(6)(E).

## FOURTH DEFENSE

Plaintiff failed to exhaust its administrative remedies.  *See* 5 U.S.C. § 552(a)(6)(E).

## FIFTH DEFENSE

Plaintiff filed this lawsuit before a response to the FOIA Request was required.  *See* 5 U.S.C.

## SIXTH DEFENSE

Defendants have exercised due diligence in processing the FOIA Request, and exceptional circumstances exist that necessitate additional time for Defendants to complete its processing of the FOIA Request.  *See* 5 U.S.C. § 552(a)(6)(C).

## SEVENTH DEFENSE

Defendants reserve the right to amend this Answer to assert any other matter that constitutes an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants respectfully request that the Court: (1) dismiss the amended complaint with prejudice; (2) enter judgment in favor of Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
May 22, 2020

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: */s/ Andrew E. Krause*
ANDREW E. KRAUSE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2769
Facsimile: (212) 637-2786
E-mail: andrew.krause@usdoj.gov