

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500
info@knightcolumbia.org

May 28, 2020

**Via ECF and Electronic Mail**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *Knight First Amendment Institute at Columbia University v. Centers for Disease Control and Prevention and U.S. Department of Health and Human Services*, 20 Civ. 2761 (AT)

Dear Judge Torres,

Pursuant to the Court's April 6, 2020 Order, *see* ECF No. 11, Plaintiff the Knight First Amendment Institute at Columbia University (the "Knight Institute" or "Plaintiff") and Defendants the Centers for Disease Control and Prevention ("CDC") and the U.S. Department of Health and Human Services ("HHS" and, collectively with the CDC, the "Defendants") jointly submit this letter in advance of the initial pretrial conference on June 4, 2020, at 1:20 p.m.

1. Brief Description of the Case

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On March 19, 2020, the Knight Institute submitted a request under FOIA (the "Request"), seeking records "governing the circumstances in which CDC employees may communicate with members of the press and the public." *See* Am. Compl. ¶ 16, ECF No. 17. Specifically, the Request seeks five discrete categories of information: (1) records relating to policies or procedures governing public communications by CDC employees or contractors about the coronavirus, (2) records relating to policies or procedures for the coordination of communications strategy between the CDC (or its employees) and the Coronavirus Task Force led by Vice President Pence, (3) emails sent by CDC Public Affairs Officer Jeffrey Lancashire on or around August 31, 2017, that contain instructions for employees regarding communications with members of the news media or the public, (4) the CDC's policies on employee communications with news media and the public in effect from January 2017 to present, and (5) any directives or

guidance related to the policies on employee communications with news media and the public in effect from January 2017 to the present.

The Knight Institute requested expedited processing of its request on the ground that it is an organization primarily engaged in the dissemination of information and that the records requested are urgently needed to inform the public about the activities of the federal government. *Id.* ¶ 18; *see also* 5 U.S.C. § 552(a)(6)(E)(v)(II) (setting forth the requirements for expedited processing). On March 24, 2020, the CDC acknowledged receipt of the Request but denied the Knight Institute's request for expedited processing.

The Knight Institute initiated this action on April 2, 2020, claiming that the CDC's denial of expedited processing was improper and that it had failed to produce records responsive to the Request promptly, as required by FOIA. *See* Compl., ECF No. 1. On May 8, 2020, the Knight Institute filed an amended complaint, citing the CDC's failure to comply with the statutory time limit for responding to the Request under FOIA. *See* Am. Compl. ¶¶ 26–27, ECF No. 17.

2.  Contemplated Motions

The parties agree that discussions of dispositive motions would be premature at this stage. Under FOIA, a federal agency that has identified records responsive to a request must disclose those records unless information within them falls within one of nine enumerated exceptions. *See* 5 U.S.C. § 552(b). Whether information responsive to a FOIA request is exempt is typically resolved through motions for summary judgment. *See Families for Freedom v. U.S. Customs and Border Protection*, 797 F. Supp. 2d 375, 385 (S.D.N.Y. 2011). Thus, until Defendants determine whether they will withhold responsive documents in full or in part pursuant to FOIA's exemptions, the parties will not be in a position to discuss dispositive motions.

3.  Prospect for Settlement

As explained above, because Defendants have not yet determined whether they will withhold responsive documents in full or in part pursuant to FOIA's exemptions, the parties are not yet in a position to discuss settlement.

4.  Case Management Plan and Scheduling Order

Because this is a FOIA case, the parties understand Local Civil Rule 16.1 to exempt them from the requirement of a mandatory scheduling order under Federal Rule of Civil Procedure 16(b). Further, because FOIA cases are generally resolved through settlement or on motions for summary judgment rather than through trial, *see Families for Freedom*, 797 F. Supp. 2d at 385, and because the Knight Institute is not yet in a position to determine whether

to seek discovery, the parties agree that initial disclosures and a discovery plan would not be helpful. *See Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) ("[D]iscovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face.").

In response to the Court's April 6, 2020 Order directing the parties to confer regarding the possibility of proceeding before the assigned magistrate judge, *see* ECF No. 10, the parties hereby advise the Court that they do not consent to conducting all further proceedings before a magistrate judge.

5. Proposed Production Schedules

Over the past two months, the parties have negotiated over the scope of the Knight Institute's Request and a potential schedule for Defendants to search for, process, and produce nonexempt, responsive records. On March 27, 2020, the Knight Institute agreed to narrow the Request in certain respects, *see* March 27 Narrowing Proposal, attached as Exhibit A, and Defendant CDC has since initiated its search for responsive records.

However, the parties have been unable to agree on a processing schedule, and have set forth their respective proposed schedules below.

a. Plaintiff's Position

Plaintiff's FOIA request seeks records that go to a question of enormous and urgent public interest: whether the White House or the CDC have suppressed the speech of the CDC's public-health experts in the midst of the pandemic. These records would help the public understand whether, through policy or practice, the nation's public-health experts have been prevented from sharing their expertise with the nation at the time it is needed most.

The Knight Institute filed the Request on March 19, 2020, seeking expedited processing based on the manifest public interest in the records sought. Ten weeks have now passed since that date, but Defendants have rejected the Institute's request for expedited processing and have failed to release any records responsive to the Request or to adequately explain their failure to do so.

After Defendants denied the Knight Institute's request for expedited processing, the Knight Institute filed suit to challenge that denial. 5 U.S.C. § 552(a)(6)(E)(iii) ("Agency action to deny . . . a request for expedited processing . . . shall be subject to judicial review under paragraph (4) . . . ."). Defendants were required to grant expedited processing under FOIA because of the compelling need for the records requested. As described above, the records sought would give the public vital information it needs to be able to

3

weigh the accuracy of the information currently being shared by the CDC and other agencies involved in the COVID-19 response. For that reason, and because the Knight Institute is an organization "primarily engaged in disseminating information," it was entitled to expedited processing in this case. *See* 5 U.S.C. § 552(a)(6)(E)(v)(II); *ACLU v. DOJ*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (finding a non-profit public interest group that "gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw material into a distinct work, and distributes that work to an audience" to be "primarily engaged in disseminating information") (quoting *Elec. Privacy Info. Ctr. v. Dep't of Defense*, 241 F. Supp. 2d 5, 11 (D.D.C. 2003)).

Defendants have since failed to meet the statutory time limits for responding to the Request. *See* Am. Compl. ¶¶ 26–28, ECF No. 17. FOIA requires agencies to respond to all requests within twenty working days, but nearly fifty working days have passed since the Knight Institute submitted the Request. *See* 5 U.S.C. § 552(a)(6)(A)(i). This failure violates FOIA. *See id.*; *id.* § 552(a)(3)(A) (requiring Defendants to make nonexempt responsive records promptly available); *id.* § 552(a)(6)(E) (requiring Defendants to process records "as soon as practicable" when a requester is entitled to expedited processing and setting forth the criteria for expedited processing).

Plaintiff has already narrowed its Request. *See* Exhibit A. Given the time that has already passed, Plaintiff's position is that Defendants should prioritize the processing of a small subset of records most central to the Request and release those records or explain their withholding by **June 9**. These records include only the CDC's currently operative employee communications policy as well as its policies or guidelines concerning the coordination of statements and/or public appearances with the White House Coronavirus Task Force. As Defendants estimate that there are just four records falling within those categories, and given that ten weeks have already passed, this request is more than reasonable.

Defendants, however, agree to produce or explain its reasons for withholding only two records by June 9. Defendants do not commit to any deadline at all for the other two records, which require interagency consultation. Nor do they agree to a production date for any records responsive to the remainder of the Request that will require interagency consultation. But the need for interagency consultation is not unusual in the FOIA context, and in those matters, the defendant agency simply coordinates with any other office or agency sharing equities in responsive records to ensure that those records are produced by a negotiated or court-ordered deadline. Especially given that Defendants have been on notice that certain records would require interagency consultation and have had ample time to consult with other offices and agencies, Plaintiff's position is that Defendants should commit to a reasonable production date for those records.

4

In light of the above, the Knight Institute now asks the Court to order the following production schedule:

- June 9, 2020: The CDC completes the processing of a limited number of prioritized records—namely, (i) its currently operative employee communications or speech policies, and (ii) any policies or guidelines concerning the coordination of statements and/or public appearances with the Office of Vice President Mike Pence or the White House Coronavirus Task Force)—and releases any non-exempt information from those records.

- July 6, 2020: The CDC completes the processing of and produces the remainder of the nonexempt, responsive records.

   b. Defendants' Position

The CDC FOIA office has faced extraordinary and unprecedented burdens as a result of the COVID-19 public health emergency, and this tremendous strain on agency resources has caused some delay in the CDC's ability to respond to FOIA requests. Between February 15, 2020 and May 21, 2020, the CDC received 1,085 FOIA requests; during the comparable period in 2019, the CDC received just 354 FOIA requests. Of the more than 1,000 FOIA requests received by CDC during this three-month period in 2020, more than 500 addressed issues related to COVID-19, more than 300 of those requests sought expedited processing, and more than 100 of those requests were submitted before the Knight Institute Request that is at issue in this lawsuit. Further complicating the CDC FOIA Office's response to this extreme increase in workload is the fact that the CDC has more than 4,500 employees deployed for the COVID-19 response, including many of the subject matter experts that the CDC FOIA office relies on to search for records within different parts of the agency.

The CDC properly denied Plaintiff's request for expedited processing on March 24, 2020. Plaintiff then prematurely filed the original complaint in this action on April 2, 2020, just 10 working days after submitting the Request, and well before the CDC's 20-working-day statutory deadline to respond to the Request. *See* 5 U.S.C. § 552(a)(6)(A)(i). There is no dispute that more than 20 working days have now passed since the Request was submitted and no dispute that the CDC has not yet produced responsive, non-exempt records to Plaintiff.

The CDC is working to complete its response to the Request as expeditiously as possible given the constraints it is facing. At bottom, as set forth below, the parties' dispute over the timing of the CDC's response is narrow. The CDC's scheduling proposal is as follows:

- June 9, 2020: The CDC proposes that by this date, it will complete processing of those records responsive to Plaintiffs' "prioritized records" request for (i) the CDC's currently operative employee communications or speech policies and (ii) any policies or guidelines concerning the coordination of statements and/or public appearances with the Office of Vice President Mike Pence or the White House Coronavirus Task Force, *other than* any records in these categories for which consultation, referral, or coordination is required pursuant to the HHS FOIA regulations (with which the CDC is required to comply), 45 C.F.R. § 5.25(b), and will produce responsive, non-exempt records that it has processed.

- July 15, 2020: The CDC proposes that by this date, it will complete processing of all remaining records responsive to the Request as narrowed by the March 27, 2020 proposal attached as Exhibit A, *other than* any records in these categories for which consultation, referral, or coordination is required pursuant to the HHS FOIA regulations, 45 C.F.R. § 5.25(b), and will produce responsive, non-exempt records that it has processed.

The CDC cannot commit to a date certain for completion of the processing and production of records that are subject to consultation, referral, or coordination with another agency or federal government office. Such referrals are made, consistent with 45 C.F.R. § 5.25(b), when another agency or office originated the record or has an interest in the record. Once the CDC has requested consultation, referral, or coordination, the CDC no longer has direct control over the timing of the receiving agency or office's processing of the referred records, and in the CDC's experience to date, the ability of other agencies and offices to respond to FOIA referrals is also impacted by the COVID-19 public health emergency. The CDC will endeavor to obtain responses from any agency or federal government office to which it has referred documents as promptly as possible, but respectfully requests that these records not be subject to the same schedule set forth above.

Respectfully submitted,

 */s/ Stephanie Krent*
Stephanie Krent
Anna Diakun
Alex Abdo
Knight First Amendment Institute at
  Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500

stephanie.krent@knightcolumbia.org

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By:   */s/ Andrew E. Krause*
ANDREW E. KRAUSE
Assistant United States Attorney
Telephone: 212-637-2769
Facsimile: 212-637-2786
E-mail: andrew.krause@usdoj.gov