

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500

info@knightcolumbia.org

July 21, 2021

Via ECF

The Honorable Analisa Torres
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Knight First Amendment Inst. at Columbia Univ. v. Centers for Disease Control & Prevention*, Case No. 1:20-cv-02761-AT

Dear Judge Torres,

    Plaintiff the Knight First Amendment Institute at Columbia University writes to bring to the Court's attention the D.C. Circuit's decision in *Reporters Committee for Freedom of the Press v. FBI*, No. 20-5091, 2021 WL 2753938 (D.C. Cir. July 2, 2021) (attached as Exhibit 1), relevant to the government's withholding of Documents 27 and 28 in the above-referenced matter. *See* Pl.'s Br. 12–14, ECF No. 39; Pl.'s Reply 17–19, ECF No. 44.

    In *Reporters Committee*, the D.C. Circuit considered whether the government had met its burden of establishing that certain records could be withheld under Exemption 5. The court explained that pursuant to the FOIA Improvement Act of 2016, even if a court finds that the deliberative process privilege applies to certain withheld materials, the court must also find that those materials satisfy the "distinct foreseeable harm requirement," 2021 WL 2753938, at *11, which "impose[s] an independent and meaningful burden on agencies," *id.* at *12 (alteration in original) (citation omitted).

    To meet this burden, "agencies must concretely explain how disclosure 'would'— not 'could'—adversely impair internal deliberations. A perfunctory state[ment] that disclosure of all the withheld information—regardless of category or substance—

would jeopardize the free exchange of information . . . will not suffice." *Id.* (alteration in original) (internal quotation marks and citations omitted). The agency must instead provide "a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency deliberations going forward." *Id.*

Applying that standard, the D.C. Circuit rejected as insufficient "boilerplate and generic assertions that release of any deliberative material would necessarily chill internal discussions." *Id.* The court found that the government had met its burden only as to specific documents of "unique sensitivity" because they related to "existing covert [FBI] operational tactics" and "sensitive undercover operations." *Id.* at \*14.

Here, the government has not asserted that *any* harm would result if Documents 27 and 28 were disclosed, much less made a "focused and concrete demonstration" of that harm. *See* Pl.'s Br. 14; Pl.'s Reply 19.

        Respectfully,

        /s/ Anna Diakun
        Anna Diakun
        Knight First Amendment Institute at
         Columbia University
        475 Riverside Drive, Suite 302
        New York, NY 10115
        (646) 745-8500
        anna.diakun@knightcolumbia.org