

**U.S. Department**

*United States A*
*Southern Distri*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/22/2021__

*86 Chambers Street*
*New York, New York 10007*

September 20, 2021

<u>By ECF and Electronic Mail</u>

Honorable Analisa Torres
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Knight First Amendment Institute at Columbia University v.*
               *Centers for Disease Control and Prevention and U.S. Department of*
               *Health and Human Services*, 20 Civ. 2761 (AT)

Dear Judge Torres:

        This Office represents defendants Centers for Disease Control and Prevention ("CDC") and U.S. Department of Health and Human Services (together, "Defendants") in the above-referenced matter, which was brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). In an opinion and order dated September 17, 2021 (ECF No. 54 (the "Order")), the Court denied Defendants' motion for summary judgment, and granted in part and denied in part plaintiff Knight First Amendment Institute at Columbia University's cross-motion for summary judgment. The Court directed Defendants to (1) release five documents by September 24, 2021; (2) produce one document with all segregable factual information un-redacted by October 1, 2021; (3) meet and confer with Plaintiff by October 8, 2021, and conduct a new search for documents responsive to two parts of Plaintiff's FOIA request; and (4) submit one document under seal for *in camera* review and an accompanying affidavit or revised *Vaughn* index by October 8, 2021. *See* Order at 36.

        We write respectfully to request that the Court stay its disclosure rulings with respect to the September 24, 2021 and the October 1, 2021 releases for 60 days from September 17, 2021, the date of the Order, until November 16, 2021, to allow the government time to determine whether to appeal from the Order.[1] Congress has provided the government 60 days in which

---

[1] If the Court grants the requested stay and no notice of appeal is filed on November 16, Defendants would release un-redacted versions of Documents 9, 10, 11, 27, and 28 (and to the extent applicable, applying "other exemptions, where warranted," as permitted by the Court's Order) to Plaintiff the following day, on November 17, 2021. Similarly, if no notice of appeal is filed, Defendants would release Document 12, with all segregable factual material un-redacted, to Plaintiff on November 17, 2021.

to appeal. 28 U.S.C. § 2107(b). Plaintiff only consents to a 30-day extension, until October 18, 2021, citing the public interest in the disclosure of these records. Defendants do not seek a stay of the Court's directives regarding a new search, or the submission of Document 12 under seal and an accompanying affidavit or revised *Vaughn* index to the Court.

A stay pending the government's determination whether to appeal the disclosure orders is warranted. Indeed, "[i]t is well established that partial disclosure orders in FOIA cases are appealable." *Ferguson v. FBI*, 957 F.2d 1059, 1063 (2d Cir. 1992) (finding three orders "explicitly requiring immediate disclosure of information are properly within our appellate jurisdiction"). Courts consider four factors when considering a stay application: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007). With respect to the first factor, where the balance of equities strongly favors a stay, the government need only "present a substantial case on the merits" to obtain a stay. *LaRouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994); *see also Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("appellants need not show an absolute probability of success in order to be entitled to a stay" of a FOIA disclosure order; granting stay where government demonstrated its appeal had "potential merit" and "serious legal questions" were presented).

Here, the second factor overwhelmingly favors a stay. The irreparable injury standard for obtaining a stay is satisfied "[w]here, as here, the denial of a stay will utterly destroy the status quo . . . but the granting of a stay will cause relatively slight harm to appellee." *Providence Journal Co.*, 595 F.2d at 890. "Particularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal." *People for American Way Foundation v. Dep't of Education*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007); *see HHS v. Alley*, 129 S. Ct. 1667 (2009) (Thomas, J., in chambers) (staying FOIA disclosure pending disposition of appeal); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) (denial of stay of FOIA order would cause mootness and thus irreparable injury). Stays are necessary where a court has ordered disclosure under FOIA because "once there is disclosure" in a FOIA matter, "the information belongs to the general public," *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004), and any protection the government has against disclosure is rendered meaningless and any appeal moot. That alone is a powerful reason to grant a stay. *Nat'l Immigration Project of the Nat'l Lawyers Guild v. DHS*, 842 F. Supp. 2d 720, 733 (S.D.N.Y. 2012) ("failure to stay the [FOIA] disclosure required by the Order would cause the Government irreparable injury if the ruling was erroneous"). "Disclosure followed by appeal after final judgment is obviously not adequate in such cases—the cat is out of the bag." *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998).

Requiring Defendants to disclose Documents 9, 10, 11, 12, 27, and 28 on the Court's expedited timeframe will irreparably harm the government by severely hampering its ability to carefully consider appeal. The Solicitor General must authorize any appeal by the government. *See* 28 C.F.R. § 0.20(b). In deciding whether to do so in a case such as this one, the Solicitor General seeks input from a number of components of the Department of Justice, including the United States Attorney's Office handling the case, as well as other interested federal

agencies, in this case including HHS and the CDC, as well as the White House, given the assertion of the presidential communications privilege. This need for extensive consultation and high-level decisionmaking is why Congress has afforded the government, unlike other litigants, 60 days in which to notice an appeal. 28 U.S.C. § 2107(b). The seven and fourteen days provided by the Court's disclosure orders would not allow sufficient time for the relevant government components to make considered recommendations and for the Acting Solicitor General to determine whether to authorize appeal.

Other factors also support a stay. First, Defendants respectfully submit that they can, at the very least, "present a substantial case on the merits," which, combined with the certainty of irreparable harm, supports a stay. *LaRouche*, 20 F.3d at 72-73. As explained by CDC, Document 12, which is one of many drafts of an unfinalized CDC Communication and Media Strategy for the Coronavirus Disease 2019 Response, contains facts that cannot be segregated from the draft policy statement and released given the nature in which facts about the pandemic were constantly changing and evolving. *See* Supp. Andoh Decl. ¶¶ 19, 22. Because the agency was constantly adapting and attempting to formulate a policy in response to the fluid factual landscape, the CDC explained how release could undermine the agency's ability to perform its functions by creating confusion and sowing mistrust by the public. *See id.* ¶ 22. Disclosure in this situation would "discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions," a harm acknowledged by the Court. *See* Order at 34 (quoting *Dudman Comms. Corp. v. Dep't of Air Force*, 815 F.2d 1565, 1568 (D.C. Cir. 1987)). While the Court characterizes Documents 27 and 28 as "discussions of how to apply a binding policy," Order at 25, the CDC's declaration explains that the documents "indicated that [the individuals exchanging emails] did not consider the contents of [the] proposal to be a firm set of instructions (i.e., a final policy) to which [CDC] had no recourse but to obey," Supp. Andoh Decl. ¶ 16. Thus, the agency declaration calls into question the Court's conclusion that these discussions were "post-decisional, and outside the scope of the privilege." Order at 25. As for Documents 9, 10, and 11, the Court declined to find that the presidential communications privilege applies "given the scope of dissemination of those documents," Order at 23, but there is no bright-line number of recipients of a communication from an advisor to the President made in the shaping of policies that would establish whether or not the privilege applies. Here, the CDC outlined the recipients of Mr. Mulvaney's emails, the majority of whom were from the Executive Office of the President, or high-ranking officials within CDC, and explained how that dissemination was closely held. *See* Supp. Andoh Decl. ¶ 15.

The public interest also favors a stay. As a general matter, although FOIA provides for disclosure, it also "expressly recognizes that important interests are served by its exemptions, and those exemptions are as much a part of FOIA's purposes and policies as the statute's disclosure requirement." *Food Marketing Institute v. Argus Leader Group*, 139 S. Ct. 2356, 2366 (2019) (citations, quotation marks, and alterations omitted). Both the deliberative process privilege and the presidential communications privilege implicate important public interests. The deliberative process privilege "is designed to promote the quality of agency decisions by preserving and encouraging candid discussion among officials." *Nat'l Council of LaRaza v. DOJ*, 411 F.3d 350, 356 (2d Cir. 2005). Similarly, the presidential communications privilege protects the ability of the President and his advisors "to explore alternatives in the process of shaping policies and making decisions and to do so in a way many would be unwilling to express except privately." *United*

*States v. Nixon*, 418 U.S. 683, 708 (1974). The public would therefore benefit from appellate review of this Court's interpretation of the scope of these privileges. *Cf. Nat'l Immigration Project*, 842 F. Supp. 2d at 733 ("while the Court agrees with plaintiffs that the public has a substantial interest in receiving information here at issue, the public also has an interest in having disclosure of secretive government documents reviewed by an appellate court").

Against the weight of these factors, any injury to Plaintiff is insufficient to tip the balance. Any possible prejudice to Plaintiff arising from the passage of time is outweighed by the harm to the government resulting from the compromise of its appellate rights and the release of potentially exempt material. *See Providence Journal Co.*, 595 F.2d at 890 ("Weighing [the postponement of disclosure] against the total and immediate divestiture of appellants' rights to have effective review in this court, we find the balance of hardship to favor the issuance of a stay.").

For these reasons, the Court should stay the disclosure portions of its Order for 60 days, until November 16, 2021, to allow the government time to determine whether to appeal, and in the event no notice of appeal is filed, direct the government to produce the documents at issue by November 17, 2021.

We thank the Court for its consideration of this request.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: /s/ *Natasha W. Teleanu*
NATASHA W. TELEANU
Assistant United States Attorney
Telephone: 212-637-2528
Facsimile: 212-637-2786
E-mail: natasha.teleanu@usdoj.gov

cc: All counsel of record via ECF

GRANTED.

SO ORDERED.

Dated: September 22, 2021
New York, New York

ANALISA TORRES
United States District Judge