UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,         Plaintiff ) ) ) ) ) ) v. ) ) CENTERS FOR DISEASE CONTROL AND ) PREVENTION and UNITED STATES ) DEPARTMENT OF HEATLH AND HUMAN ) SERVICES, )         Defendant ) ) | Civil Action No. 20-2761-AT |

**DECLARATION OF ROGER ANDOH**

Pursuant to 28 U.S.C. § 1746, I, Roger Andoh, declare the following to be a true and correct

statement of facts to the best of my knowledge and belief:

      1.      I am the Freedom of Information Act ("FOIA") Officer for the Centers for

Disease Control and Prevention ("CDC") and the Agency for Toxic Substances and Disease

Registry ("ATSDR"), both agencies within the U.S. Department of Health and Human Services

("HHS").  I have held this position since June 26, 2016.  I make this declaration based upon my

personal knowledge and upon information available to me in my official capacity, and if called

and sworn as a witness, I could and would testify as set forth herein.

      2.      As the FOIA Officer, I supervise and direct the day to day activities of the

CDC/ATSDR FOIA Office (hereinafter referred to as "CDC FOIA Office").  The CDC FOIA

Office is the central office responsible for responding to requests for information under the FOIA

for records from all operating divisions of the CDC and the ATSDR.  FOIA requests are

disseminated electronically to areas within the agency that are considered most likely to possess

responsive records.  In my position, I determine whether to release or withhold records, or

portions of records, in accordance with the FOIA and the HHS implementing regulations.  I also coordinate efforts, as necessary, when one or more of the CDC Centers/Institutes/Offices or one of the ATSDR Divisions is involved in responding to a FOIA request.

3.      Due to the nature of my official duties, I am familiar with procedures followed by the CDC in responding to the FOIA request of Plaintiff, Knight First Amendment Institute (hereinafter "Plaintiff").

4.      This declaration explains the proposed new search for parts 1 and 2 of Plaintiff's FOIA request, as well as why the search proposed by Plaintiff is unduly burdensome on CDC. CDC has worked in good faith in an attempt to reach an agreement with Plaintiff regarding a new search; the CDC FOIA office has spent approximately 20-25 hours running various searches proposed by Plaintiff, preparing reports, and reviewing search results in an attempt to identify common types of non-relevant results and provide examples. However, at present the parties are unable to reach an agreement.

5.      On March 20, 2020, CDC's FOIA Office received a FOIA request, dated March 19, 2020, from Stephanie Krent on behalf of Plaintiff.  The request sought certain documents, and only parts 1 and 2 are relevant for purposes of the new search ordered by the Court:

> 1. Any records relating to policies or procedures governing public communications by CDC employees or contractors about the coronavirus.
>
> 2. Any records relating to policies or procedures for the coordination of communications strategy between the CDC (or its employees) and the Coronavirus Task Force led by Vice President Pence.

6.      For part 1 of Plaintiff's FOIA request, CDC has identified 21 custodians,

including the initial authors of the draft CDC Communication and Media Strategy for the

Coronavirus Disease 2019 Response, as well as contributors to and reviewers of the draft media

strategy.[1] Those custodians are:

    a.  Michelle Bonds
    b.  Amy Heldman
    c.  Kate Galatas
    d.  Benjamin Haynes
    e.  Bert Kelly
    f.  Erin Burns
    g.  Lynn Sokler
    h.  Sara Bedrosian
    i.  Molly Gaines-McCollum
    j.  Brad Meyers
    k.  Carol Williams
    l.  Peter Jenkins
    m.  Carol Crawford
    n.  Bill Hall
    o.  John O'Connor
    p.  Betsy Mitchell
    q.  Kelly Holton
    r.  Heather Bair-Break
    s.  John Anderton
    t.  Christy Spring
    u.  Dagny Olivares

---

[1] In addition, CDC identified four former CDC employees that were involved with the draft media strategy; however, because they are no longer working at CDC, their emails have not been retained. Those individuals and their respective departure dates are: Carrie Harmon (May 31, 2021), Loretta Lepore (September 18, 2020), Rachael Oury (July 31, 2020), and Michawn Rich (June 23, 2020). None of these individuals were custodians in CDC's original search. CDC follows HHS's litigation hold policy, which provides that when employees depart the agency, their active account data is deleted after 90 days, unless preserved by an employee's supervisor. CDC Records Management guidance provides that when supervisors are notified of an employee departure, they discuss the employee's records with that employee. If necessary, records are transferred to another employee and/or moved to a centralized location. CDC has confirmed with its Chief Information Officer that none of these employees' accounts or their data are maintained by another employee or in a centralized space.

7.      Collectively, these custodians constitute the universe of employees at CDC who had substantive involvement in communication policies and procedures relating to COVID-19.

8.      For search terms, CDC proposes to search for the following terms in the body of emails or the subject line: ("Media strategy" OR "Centralized communications" OR ("Social media" AND "new media") OR "Communication strategy" OR "COVID communication procedures" OR "COVID comm guidance" OR "Media procedures" OR "Media guidance" OR "COVID elevated clearance" OR "Katie Miller" OR "Olivia Troye" OR "Hannah Macinnis" OR "Devin O'Malley" OR "Ninio Fetalvo" OR "Kelly Love" OR "Deborah Birx").[2]

9.      The search keywords used were provided by key personnel with knowledge about the relevant communication policies and procedures and how they were discussed. The terms represent the phrases used by CDC employees when discussing the COVID-19 communication policies and procedures. Specifically, Michele Bonds, who was the Acting Associate Director for Communications during the relative period of the scope of Plaintiff's request, was responsible for overseeing the development and implementation of CDC's media policies and procedures, which includes agency level communication and media strategies more broadly, and communication with the office of Vice President Pence, the White House, and the Coronavirus Task Force. In her role, Ms. Bonds was very familiar with the common terms and the phrasing actually used by record custodians on the topics of this request.

10.     The previous searches submitted by Plaintiff, as well as the current proposal, include a number of variant terms which pull in an excessive number of records which are not

---

[2] The original search terms used by CDC for the search were: "media strategy," "covid communication," "centralized communications," "social media and news media," and "communication strategy."

related to the subject of this request. In addition, the large volume of search results from

Plaintiff's proposal would prove unduly burdensome on the agency if it had to process the high

volume of results, as further explained below. The search above represents the FOIA office's

attempt to capture all relevant records without pulling in the massive numbers of unrelated

records we've seen in previous attempts to search for these records, as confirmed by a sampling

of search results. For example, the agency conducted multiple searches proposed by Plaintiff,

which included Boolean connectors. Based on CDC's knowledge about the search results, the

Boolean connectors resulted in the over-inclusivity of records not responsive to the request. To

illustrate, applying the following search terms to the subject line of emails for Plaintiff's

proposed custodians in one proposed search string produced 10,779 records:

((subject:"coronavirus") OR (subject:"COVID") OR (subject:"COVID-19") OR

(subject:"nCoV") OR (subject:"n-Cov") OR (subject:"2019-nCov"))) AND (((subject:"comms")

OR (subject:"communication") OR (subject:"communications") OR (subject:"media")..

     11.     For part 2 of Plaintiff's FOIA request, CDC has identified 30 custodians who

communicated with or had involvement with the Coronavirus Task Force.[3] Those custodians are:

     a.  Robert Redfield
     b.  Anne Schuchat
     *c.*  Michelle E. Bonds
     d.  Jay C. Butler
     e.  Martin Cetron
     f.  Cate Shockey
     g.  John Dreyzehner
     h.  Amy Heldman
     i.  Kate Galatas
     j.  Katherine Lyon Daniel
     k.  Jennifer Madans

---

[3] In addition, CDC identified three former CDC employees who communicated with or had involvement with the Coronavirus Task Force; however, because they are no longer working at CDC, their emails have not been retained. Those individuals are Loretta Lepore, Rachael Oury, and Michawn Rich. *See supra* note 1.

      l.  Nancy Messonnier
      m. Stephen Redd
      n.  Sara Bedrosian
      o.  Susan Laird
      p.  Carol Crawford
      q.  Jay Dempsey
      r.  Agnes Warner
      s.  Robert (Kyle) McGowan
      t.  Sherri Berger
      u.  Amanda Campbell
      v.  Henry Walke
      w. Jenni McQuiston
      x.  Dana Meany-Delman
      y.  Michael Beach
      z.  Athalia Christie
      aa. Amanda Cohn
      bb. Ashley Knotts
      cc. Elizabeth Hoo
      dd. Charlotte Kent

12.     For search terms, CDC proposes to search for the following terms contained in the subject line or body of these custodians' email: ("media strategy," OR "centralized communications," OR "social media AND new media," OR "communication strategy," OR "COVID communication procedures," OR "COVID comm guidance," OR "media procedures," OR "media guidance," OR "COVID elevated clearance," OR "Katie Miller," OR "Olivia Troye," OR "Hannah Macinnis," OR "Devin O'Malley," OR "Ninio Fetalvo," OR "Kelly Love," OR "Deborah Birx").

13.     The search keywords used were provided by key personnel with knowledge about the relevant communication policies and procedures. The terms represent the phrases used by CDC employees for records related to policies or procedures for the coordination of communications strategy between the CDC employees and the Coronavirus Task Force. Specifically, Michele Bonds, who was the Acting Associate Director for Communications during

the relative period of the scope of Plaintiff's request, was responsible for overseeing the development and implementation of CDC's media policies and procedures, which includes agency level communication and media strategies more broadly, and communication with the office of Vice President Pence, the White House, and the Coronavirus Task Force. In her role, Ms. Bonds was very familiar with the common terms and phrasing actually used by record custodians on the topics of this request.

14.     The previous searches submitted by Plaintiff pull in an excessive number of records which are not related to the subject of this request. In addition, the large volume of search results from Plaintiff's proposal would prove unduly burdensome on the agency if it had to process the high volume of results, as further explained below. The search above represents the FOIA office's attempt to capture all relevant records without pulling in the massive numbers of unrelated records we've seen in previous attempts to search for these records, as confirmed by a sampling of search results.

15.     The most recent search proposed by Plaintiff, from December 1, 2021, reflects an attempt to narrow from prior iterations. However, this search yields approximately 90,614 records for part 1 of the FOIA request, and 25,875 records for part 2 of the FOIA request (in total, 126,489 records), which is voluminous . The search results are attached as Exhibit 1. In contrast, CDC's proposed new search, as outlined above, yields 1,200 records (this number reflects the amount after deduplication, excluding documents that were previously released, and excluding certain records that are easily identified as non-responsive, including news items, for example). Even assuming de-duplication of the initial universe of records in Plaintiff's proposed search reduces the number by 40%—which in the CDC FOIA office's experience is a reasonable estimate—the revised set of records to process and review for responsiveness would be

approximately 54,368 for part 1 and 15,525 for part 2. Again, based on the experience of CDC's

FOIA office, we can assume that every record averages five pages, which is a conservative low

average, CDC would need to review and process 349,467 pages.

16.     CDC's FOIA office consists of 15 employees who work on a variety of FOIA-

related tasks and are responsible for handling all FOIA requests from inception until closure, as

well as FOIA administrative appeals and FOIA litigation. Included among the tasks performed

by CDC's FOIA office is the processing of FOIA requests. For fiscal year 2021, CDC's FOIA

office processed a total of approximately 260,000 pages of records.

17.     The volume of Plaintiff's proposed search is voluminous and will require a

disproportionate amount of resources to process. Even if CDC devoted 100% of its processing

capabilities by the entire FOIA staff to process Plaintiff's proposed search, it would take

approximately 1 year and 4 months to complete the initial processing. Notably, this estimate

would not account for the additional time necessary for quality check reviews, consultations with

other agencies, and the White House. Further, such an approach would mean that no other FOIA

requests would be processed for over one year. Thus, even if the CDC were to commit

substantial resources to Plaintiff's search, it will take years to process and exacerbate the

agency's backlog and divert resources from other FOIA requesters.

18.     For these reasons, the search proposed by Plaintiff would be unduly burdensome

to CDC because it requires a disproportionate amount of time and agency resources to be

diverted to process only Plaintiff's request, to the detriment of all other requesters. This would

significantly impact the agency's ability to respond to pending FOIA requests, which stands at

542, impact the agency's ability to respond to incoming requests, which predictably would lead

to more lawsuits filed against the agency and finally would result in a substantial increase in the

agency's FOIA backlog, which currently stands at about 302 requests.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Executed on this 8th day of December 2021, in Atlanta, Georgia.


*Roger Andoh*
_____
Roger Andoh
Freedom of Information Act Officer
Centers for Disease Control and Prevention
Agency for Toxic Substances and Disease
     Registry
United States Department of Health and
     Human Services