UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTERS FOR DISEASE CONTROL AND PREVENTION and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendants. | No. 1:20-cv-02761-AT |

**DECLARATION OF ANNA DIAKUN**

Pursuant to 28 U.S.C. § 1746, I, Anna Diakun, declare and state as follows:

  1.  I am an attorney at the Knight First Amendment Institute at Columbia University ("Plaintiff" or "Knight Institute"). I represent Plaintiff in this matter.

  2.  My colleague Stephanie Krent submitted a Freedom of Information Act ("FOIA") request (the "Request") to the Centers for Disease Control and Prevention ("CDC") on March 19, 2020, on behalf of the Knight Institute. The Request sought records governing the circumstances in which CDC employees may communicate with members of the press and the public. The Request sought, in relevant part,

    1.  Any records relating to policies or procedures governing public communications by CDC employees or contractors about the coronavirus;

    2.  Any records relating to policies or procedures for the coordination of communications strategy between the CDC (or its employees) and the Coronavirus Task Force led by Vice President Pence.

1

3. Pursuant to the Court's September 17, 2021 order, ECF No. 54 at 36, the parties met and conferred on October 7, 2021. Plaintiff sent the CDC an initial search proposal on October 8, 2021, and on October 15, the CDC sent Plaintiff an approximation of the number of items Plaintiff's proposed search returned.

4. On October 20, 2021, in an effort to significantly reduce this number, Plaintiff asked the CDC to provide a search terms report listing the number of hits for each of Plaintiff's proposed Boolean search strings, as well as titles for each of the named custodians so it could consider whether to eliminate certain custodians from its search proposal. On October 21, the CDC informed Plaintiff that it was willing to provide the search terms report, but that it was unwilling to provide titles.

5. On October 22, 2021, Plaintiff sent the agency a revised search proposal for the agency to use when it ran the search terms report. Plaintiff eliminated several search terms from this proposal in an effort to narrow the search strings.

6. On October 26, 2021, the agency sent Plaintiff search terms reports. The agency used Plaintiff's outdated October 8 proposal to run the search terms report instead of Plaintiff's narrowed October 22 proposal.

7. On October 28, 2021, Plaintiff responded to the CDC and asked it to re-run the search terms report because the agency had used an outdated proposal. Plaintiff sent the agency a further narrowed proposal to use, which eliminated certain search terms, used more restrictive connectors, and added limiting phrases.

8. On November 3, 2021, in response to Plaintiff's request, the CDC provided Plaintiff with search terms reports listing the number of records captured by each of Plaintiff's proposed Boolean search strings in its October 28 proposal. After reviewing the reports, Plaintiff

asked the agency for certain clarifications, including whether the totals reflected all records returned, including duplicates, and if so, whether it would eliminate duplicates from the totals so that Plaintiff could have a better sense of the number of unique documents at issue.

9. On November 9, 2021, the agency sent Plaintiff the "deduped" totals of records captured by Plaintiff's October 28 search strings, which were substantially lower than the totals the agency had initially supplied. Based on these figures and the search terms reports, Plaintiff sent the CDC a revised proposal that eliminated search terms, narrowed date ranges, and used more restrictive connectors. In the email transmitting the proposal, Plaintiff indicated its willingness to narrow the proposal further, and requested certain information from the agency that would enable Plaintiff to do so, including help "issue spot[ting]" whether one or more of the terms in particular search strings were capturing large numbers of nonresponsive documents.

10. On November 10, rather than provide the additional information Plaintiff requested, the CDC proposed that the parties put their respective positions before the Court in a joint submission.

11. On November 19, 2021, the CDC informed Plalintiff for the first time that the agency had not retained the records of four of Plaintiff's proposed custodians: Carrie Harmon, Loretta Lepore, Rachael Oury, and Michawn Rich.

12. On November 22, 2021, the CDC informed Plaintiff that the search terms in Plaintiff's November 9 proposal were capturing a large volume of documents, and that, based on the agency's sampling, "a fair amount" of these documents were non-responsive. In reply, Plaintiff asked the agency for specifics: which search terms returned a high volume of documents or, based on agency sampling, returned a significant amount of non-responsive documents. The agency refused to provide that information.

13. On December 1, 2021, Plaintiff sent the CDC a revised search proposal, attached hereto as Exhibit A.

14. On December 6, 2021, the CDC sent Plaintiff a draft search terms report listing the number of records captured by Plaintiff's December 1 proposal. It revised these numbers on December 8. A comparison of that information with the information the CDC provided about Plaintiff's October 8 proposal shows that Plaintiff has reduced the number of hits by over 70%.

15. Attached hereto as Exhibit B is a true and correct copy of a May 11, 2020 email sent by Ryan Murphy, then a senior Department of Health and Human Services official, with the subject line "RE: for clearances." The CDC released this record as part of a December 4, 2020 supplemental production.

16. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

                                                Respectfully submitted,

                                                /s/ *Anna Diakun*
                                                Anna Diakun
                                                Scott Wilkens
                                                Knight First Amendment Institute
                                                 at Columbia University
                                                475 Riverside Drive
                                                New York, NY 10115
                                                (646) 745-8500
                                                anna.diakun@knightcolumbia.org

                                                *Counsel for the plaintiff*

December 8, 2021