UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KNIGHT FIRST AMENDMENT INSTITUTE
AT COLUMBIA UNIVERSITY,

                              Plaintiff,

            -against-

CENTERS FOR DISEASE CONTROL AND
PREVENTION and U.S. DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/9/2022____

20 Civ. 2761 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, the Knight First Amendment Institute at Columbia University, brings this action

challenging Defendants' the Centers for Disease Control and Prevention (the "CDC") and the

United States Department of Health and Human Services ("HHS") nondisclosure of information

requested by Plaintiff pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

ECF No. 1. The parties cross-moved for summary judgment. *See* ECF Nos. 32, 38. For the

reasons stated in the Court's order dated September 17, 2021 (the "September 17 Order"), the

Court denied Defendants' motion and granted in part and denied in part Plaintiff's motion.

September 17 Order, ECF No. 54.

After concluding that the CDC "improperly narrowed the scope of their search" for

documents responsive to Plaintiff's first and second requests,[1] the Court ordered the CDC to

reconduct the search in a way that was intended to capture records "relating" to the policies and

procedures "governing public communications by CDC employees or contractors about the

coronavirus" and "for the coordination of communications strategy between the CDC (or its

---

[1] Plaintiff's first request asked for the release of "[a]ny records relating to policies or procedures governing public communications by CDC employees or contractors about the coronavirus," and its second request asked for the release of "[a]ny records relating to policies or procedures for the coordination of communications strategy between the CDC (or its employees) and the Coronavirus Task Force led by Vice President [Michael] Pence." ECF No. 1-1 at 5.

employees) and the Coronavirus Task Force led by Vice President [Michael] Pence."  *Id*. at 7–

11.  It also directed the parties to "meet and confer and engage in a good faith effort to agree to

search terms, initial custodians for the search, and a reasonable timeline for Defendants'

production."  *Id*. at 36.  On December 8, 2021, the parties informed the Court that they could not

reach agreement on these issues and provided proposals for new search terms and custodians.

Proposals, ECF No. 72.  For the reasons stated below, the Court REJECTS both proposals.

I.    CDC's Proposal

For Plaintiff's first request, the CDC identified 21 custodians who "constitute the

universe of employees at [the] CDC who had substantive involvement in communication policies

and procedures relating to COVID-19."  *Id*. at 2.  The CDC also identified 30 custodians for

Plaintiff's second request, which include those "who communicated with or had involvement

with the Coronavirus Task Force."  *Id*.  With respect to both requests, the CDC proposed 17

phrases and full names of individuals.  *Id*.  These search terms were "provided by key personnel

with knowledge about the relevant communication policies and procedures."  *Id*.

Plaintiff argues that the CDC's proposal is "underinclusive on several fronts."  *Id.* at 4.  It

contends that the CDC has not "justified its failure to use common variants or synonyms of the

proposed search terms," and states that the search terms are "overly restrictive" because the

CDC's search will capture only exact matches to its multi-word searches.  *Id*. at 5.  Moreover,

Plaintiff notes that the CDC has acknowledged that four former CDC employees were involved

in the draft media strategy, and "are appropriate custodians" of the relevant records, but the CDC

does not indicate how it will seek to obtain records from their emails in light of the fact that the

records were not retained following those employees' departure.  *Id*. at 6; *see also* Andoh Decl.

¶ 6 & n.1, ECF No. 72-1.

The Court agrees with Plaintiff that the CDC's search proposal is inadequate.  As the Court stated in the September 17 Order, agencies "must search for synonyms or common variants of a term used in the request that are likely to be used in responsive documents, unless [they] can reasonably justify declining to use them."  September 17 Order at 12.  Further, the Court specifically stated that the CDC had not properly justified not including variants of certain words, like "comm" or "comms" for "communication," and indicated that a failure to include variants rendered the search "not reasonably calculated to discover *all* responsive documents." *Id*. at 13 (emphasis in original).  In its new proposal, the CDC again fails to sufficiently justify why it declines to use certain variants for "communication" and "COVID," including "COVID-19," arguing only, in general terms, that unspecified variants "pull in an excessive number of records that are not related to the subject of Plaintiff's FOIA request."  Proposal at 3.  As stated in the September 17 Order, the fact that a search would result in the capture of a larger number of documents does not necessarily make it unduly burdensome.  September 17 Order at 14.

Additionally, the CDC fails to sufficiently justify its decision to use a search method that looks for only specific full names or phrases, as opposed to a search that uses Boolean connectors or other similar search strategies, which the Court specifically directed the CDC to consider.  *Id*. at 12–13.  The CDC argues that the Boolean connectors resulted in the "over-inclusivity of records not responsive to the request" and stated that its proposed method represents the CDC's attempt to "capture all relevant records without pulling in . . . massive numbers of unrelated records."  Andoh Decl. ¶ 10.  The CDC has not shown that a Boolean connector search is inappropriate in all circumstances, particularly when addressing concerns related to the variants discussed above and the full names of relevant individuals.

Furthermore, with respect to the custodians, the CDC has not explained how it will attempt to address concerns raised by its failure to retain emails by certain former employees it

3

identified as having been "involved with the draft media strategy." *Id.* ¶ 6 n.1.  The CDC is "obliged to pursue any clear and certain lead it cannot in good faith ignore," and must, therefore, consider alternative ways of accessing these communications. *Tarzia v. Clinton*, No. 10 Civ. 5654, 2012 WL 335668, at *8 (S.D.N.Y. Jan. 30, 2012) (quotation marks and citation omitted). Additionally, the CDC does not explain why it decided not to use the additional custodians identified by Plaintiff. *See* Proposals at 7.

Accordingly, the Court REJECTS the CDC's search proposal.

II.   <u>Plaintiff's Proposal</u>

Plaintiff's proposal includes twenty-six custodians for its first request and four Boolean string searches to be used to search the subject-line and body of custodians' emails.[2]  ECF No. 73-1 at 1–2.  For Plaintiff's second request, Plaintiff agrees with the thirty custodians proposed by the CDC, but suggests five Boolean string searches to be used to search the subject line and body of the custodians' emails and one more specific search to be used for the email inbox of a particular custodian.  *Id.* at 2–3.  The CDC's arguments in support of its decision not to follow Plaintiff's proposal consist, primarily, of general statements discussing how their proposal would result in voluminous results that would capture many records unresponsive to Plaintiff's requests.  Proposals at 3–4.

As the Court previously stated, "[a] failure to use certain search terms, including those emphasized by Plaintiff, is not automatically unreasonable, 'so long as the agency provide[s] an explanation as to why the search term was not used.'"  September 17 Order at 12 (quoting *Immigrant Def. Project v. United States Immigr. & Customs Enf't Agency*, 208 F. Supp. 3d 520, 528 (S.D.N.Y. 2016)).  Thus, the CDC is under no obligation to adopt Plaintiff's proposal, but it must provide a reasonably specific explanation for why it has decided not to use the search terms

---

[2] One of the string searches is to be used only in searching the subject lines.  ECF No. 73-1.

and strategies proposed by Plaintiff.  *See Immigrant Def. Project*, 208 F. Supp. 3d at 528.  As

discussed above, the CDC's explanation, which fails to discuss the additional custodians Plaintiff

proposes or address the components of the search strings Plaintiff suggests, is insufficient.

In general, a FOIA plaintiff "cannot dictate the search terms for [its] FOIA request," and

"federal agenc[ies have] discretion in crafting a list of search terms that they believe to be

reasonably tailored to uncover documents responsive to the FOIA request."  *Bigwood v. United*

*States Dep't of Def.*, 132 F. Supp. 3d 124, 140 (D.D.C. 2015) (citations, quotation marks, and

alterations omitted).  Thus, the Court shall not adopt Plaintiff's proposal; rather, it shall give the

CDC an opportunity to revise its proposal to remedy the deficiencies identified by the Court, and

either incorporate elements of Plaintiff's proposal or provide specific justification for why it

cannot utilize the proposed terms or search strategies beyond general assertions of overbreadth.

Accordingly, the Court REJECTS Plaintiff's proposal.

III.   Conclusion

For the reasons stated above, the Court REJECTS both parties' proposals.  By

**September 30, 2022**, the parties shall again meet and confer and engage in a good faith effort to

agree to search terms, initial custodians for the search, and a reasonable timeline for the CDC's

production.  If the parties cannot reach an agreement, they shall file a joint submission setting

forth their respective positions within seven days of their meeting.

SO ORDERED.

Dated: September 9, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge